# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2023

Lyle W. Cayce
Clerk

No. 21-10644

De'On L. Crane, *Individually and as the Administrator of* the Estate of Tavis M. Crane *and on behalf of the Statutory Beneficiaries*, G. C., T. C., G. M., Z. C., and A. C., *the surviving children of* Tavis M. Crane; Alphonse Hoston; Dwight Jefferson; Valencia Johnson; Z. C., *Individually, by and through her guardian Zakiya Spence*,

*Plaintiffs—Appellants*,

*versus*

City of Arlington, Texas; Craig Roper,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-91

ON PETITION FOR REHEARING EN BANC

Before Higginbotham, Dennis, and Graves, *Circuit Judges*.

Per Curiam:

The petitions for rehearing en banc are DENIED because, at the request of one of its members, the court was polled, and a majority did not vote in favor of rehearing (Fed. R. App. P. 35 and 5th Cir. R. 35).

In the en banc poll, six judges voted in favor of rehearing (Richman, Jones, Smith, Duncan, Oldham, and Wilson), and ten voted against rehearing (Stewart, Elrod, Southwick, Haynes, Graves, Higginson, Willett, Ho, Engelhardt, and Douglas).

JAMES C. HO, *Circuit Judge*, concurring in denial of rehearing en banc:

The dissent persuasively argues why the panel should've affirmed. And that's what I would've done had I been a member of the panel.

That's because I firmly agree that it's not the job of the judiciary to second-guess split-second, life-and-death decisions made by police officers who act in a reasonable, good faith manner to protect innocent law-abiding citizens from violent criminals. These same themes have been sounded in our recent cases like *Cole v. Carson*, 935 F.3d 444 (5th Cir. 2019) (en banc), *Winzer v. Kaufman County*, 940 F.3d 900 (5th Cir. 2019) (denying rehearing en banc), and (again) *Cole v. Carson*, 957 F.3d 484 (5th Cir. 2020) (en banc). *See also Horvath v. City of Leander*, 946 F.3d 787 (5th Cir. 2020).

But here's the problem: These themes appeared in our *dissenting* opinions (which I either joined or authored). The majority of the en banc court rejected those concerns in case after case.

Meanwhile, en banc majorities on our court have also committed a second category of error. It *should* be the job of the judiciary to hold police officers and public officials accountable for violating a citizen's established or obvious constitutional rights. But once again, the majority of the en banc court has rejected that view in case after case. *See, e.g.*, *Gonzalez v. Trevino*, _ F.4th _, _ (5th Cir. 2023) (Ho, J., dissenting from denial of rehearing en banc) (collecting cases).

To be sure, that's the opposite problem of the one presented in this case—instead of subjecting officers to trial who shouldn't be on trial, we immunize officers from trial who shouldn't be immune. But both problems plague our en banc court, and illustrate the futility of granting rehearing en banc today. "We grant qualified immunity to officials who trample on basic First Amendment rights—but deny qualified immunity to officers who act in

good faith to stop mass shooters and other violent criminals." *Id.* at __. As a result, "officers who punish innocent citizens are immune—but officers who protect innocent citizens are forced to stand trial. Officers who deliberately target citizens who hold disfavored political views face no accountability—but officers who make split-second, life-and-death decisions to stop violent criminals must put their careers on the line for their heroism." *Id.* at __.

In short, "we grant immunity when we should deny—and we deny immunity when we should grant." *Id.* at __.

It's a disturbing and dangerous pattern. And it's confusing to citizens and police officers in our circuit. As the dissent here rightly observes, "we sow the seeds of uncertainty in our precedents—which grow into a briar patch of conflicting rules, ensnaring district courts and litigants alike." *Post*, at __ (Oldham, J., dissenting from denial of rehearing en banc). The dissent expresses further exasperation because this should've been a straightforward case—after all, "[i]t's all on video. And if a picture is worth 1,000 words, query how much this video is worth." *Id.* at __.

I agree. In fact, I would say (and I *did* say) the exact same things last year in *Edwards v. Oliver*, 31 F.4th 925 (5th Cir. 2022). Like this case, *Edwards* involved a police officer shooting at a driver in an effort to prevent serious or fatal injury to innocent bystanders. In my panel dissent in *Edwards*, I explained that that case was factually indistinguishable from an earlier case that our court had just decided the previous year. I noted that video evidence in the two cases confirmed the similarities in the two police actions. The officers in the two cases took similar action in response to a similar threat. A panel of our court granted immunity to the officer in the earlier case. Yet the panel majority denied immunity to the officer in *Edwards*.

So *Edwards* presented the exact same problems of "uncertainty" and "conflicting rules" that rightly concern the dissent today. Yet our court denied the officer's petition for rehearing en banc in *Edwards*—no doubt making the same judgment call about the futility of rehearing en banc in that case that I do in this case.

\* \* \*

I have no desire to tilt at windmills. En banc rehearing can be taxing on our court, but well worth the effort—so long as there's a genuine opportunity to advance the rule of law.

But I see no hope of advancing the cause here. Rehearing this case en banc would be futile. *See*, *e.g.*, *Cole*, 935 F.3d 444 (en banc majority reaching same result as panel majority). It doesn't matter that I fully agree with the dissent. Seven votes (the six dissenters and me) do not a majority make on our en banc court. We had seven votes in *Cole*, too—and it wasn't enough there, either. *See id.*

I share the frustration of my dissenting colleagues today—as well as my dissenting colleagues in *Cole* and *Winzer*, those who voted (in the minority) for rehearing en banc in *Gonzalez*, and my colleagues in futility in still other cases. That frustration is what leads me to vote to deny rehearing en banc today.

Andrew S. Oldham, *Circuit Judge*, joined by Jones, Smith, Duncan, and Wilson, *Circuit Judges*, dissenting from the denial of rehearing en banc:

Our refusal to take this case en banc is revelatory of a general reluctance (at best) or refusal (at worst) to devote the full court's resources to qualified-immunity cases. That's imprudent.

Officer Roper made a split-second decision to shoot a noncompliant driver (Crane) in the heat of a wrestling match just before Crane *twice ran over* another officer with his car. For several minutes, Crane (who had five outstanding warrants) repeatedly ignored commands to turn off and exit the car. Crane then pressed the accelerator causing the tires to spin and smoke and the engine to rev. At this point, Officer Roper sensibly concluded that Crane was going to kill or seriously injure someone using a three-ton projectile—so he shot Crane. It's all on video. And if a picture is worth 1,000 words, query how much this video is worth.

So why did the panel deny qualified immunity? The opinion begins by explaining why (in its view) *Whren v. United States*, 517 U.S. 806 (1996), was wrongly decided. Never mind that *Whren* is a unanimous, landmark Supreme Court decision that has nothing to do with excessive force. Then the panel holds that the obvious-case exception vitiates the officer's qualified immunity. Never mind that neither our court nor the Supreme Court has applied that exception in a split-second excessive-force case. And never mind that the panel's theory of events—that Crane was shot in the chest at point-blank range and only then somehow managed to drive over a police officer twice—is belied by the video and common sense.

In split-second excessive-force cases, it's "especially important" to define clearly established law with specificity and not at a "high level of generality." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (quotation

omitted). The panel decision instead uses the obvious-case exception to swallow the *Mullenix* rule. *But see District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (emphasizing the obvious case should be "rare").

So why did we deny rehearing en banc? True, qualified-immunity cases are fact-dependent. But so are, say, criminal-procedure cases. That doesn't make either unimportant—as evidenced by the fact that the Supreme Court takes at least one case from one or both categories every Term. If fact-sensitive cases like these warrant the Supreme Court's discretionary jurisdiction, they certainly warrant ours. And by refusing to rehear this case and others like it, we sow the seeds of uncertainty in our precedents—which grow into a briar patch of conflicting rules, ensnaring district courts and litigants alike.

To paraphrase Justice Thomas's view in a different context, some judges' disagreement with qualified immunity "has found its natural complement in other judges' distaste for correcting errors en banc, no matter how blatant, repetitive, or corrosive of circuit law." *Shoop v. Cunningham*, 143 S. Ct. 37, 44–45 (2022) (Thomas, J., dissenting from denial of certiorari).

I respectfully dissent.